UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEAN AUGUSTE,                                                    Index No.:

                                        Plaintiff,              **COMPLAINT
                                                                AND JURY DEMAND**

               - against -


THE CITY OF NEW YORK; NEW YORK,
CITY DEPARTMENT OF CORRECTION,
NYC DOC OFFICER GIL (First and/or Last Name, and
Shield Number Unknown), NYC DOC OFFICER
EDWARD, Shield # 12675 (First and/or Last Name
Unknown), NYC DOC OFFICER JOHNSON, Shield #
18595 (First and/or Last Name Unknown), and
NYC DOC CAPTAIN ADW KELLY, Shield# 1331
(First and/or Last Name, Unknown),

                                        Defendants.
------------------------------------------------------------------------X

       Plaintiff **JEAN AUGUSTE** (hereinafter "Plaintiff" and/or "Mr. Auguste"), by his

attorneys, LAW OFFICE OF MATTHEW B. WALLER, complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:


                    **I. PRELIMINARY STATEMENT**

       1.      This is a civil rights action in which Plaintiff **JEAN AUGUSTE** seeks damages

to redress the deprivation, under color of state law, of rights secured to him under the Fourth,

Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.  On or about

November 13, 2013, at approximately 8:45 a.m., at the Anna M. Kross Center (AMKC),

specifically in Quad Lower 5, located at 18-18 Hazen Street in the County of Queens, City and

State of New York, plaintiff was assaulted by defendants including, but not limited to, NYC

DOC OFFICER GIL (First and/or Last Name, and Shield Number Unknown) hereinafter

1

defendant "GIL", NYC DOC OFFICER EDWARD, Shield # 12675 First and/or Last Name

Unknown) hereinafter defendant "EDWARD", NYC DOC OFFICER JOHNSON, Shield #

18595 (First and/or Last Name, Unknown) hereinafter defendant "JOHNSON", and  NYC DOC

CAPTAIN ADW KELLY, Shield# 1331 (First and/or Last Name, Unknown) hereinafter

defendant "KELLY".  It is alleged that Defendants used excessive force and subjected Plaintiff

to cruel and unusual punishment in violation of his constitutional rights.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983,

and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States.  This Court has pendant jurisdiction over Plaintiff's

state law claims.

## III. PARTIES

3.      Plaintiff **JEAN AUGUSTE** at all times relevant hereto resided in Bronx County,

City and State of New York

4.      Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal

corporation, incorporated pursuant to the laws of the State of New York, which operates the

NEW YORK CITY DEPARTMENT OF CORRECTION and as such is the public employer of

the Defendant officers herein.

5.      That, upon information and belief and at all times herein mentioned, Defendant

NEW YORK CITY DEPARTMENT OF CORRECTION (hereinafter "DOC") is an agency of

Defendant CITY OF NEW YORK and conducts business in the County of Bronx, City and State of New York

6.     At all times relevant herein, defendant "GIL" was acting for and on behalf of THE NEW YORK CITY DEPARTMENT OF CORRECTION with the power and authority vested in him as a correction officer, agent and employee of THE NEW YORK CITY DEPARTMENT OF CORRECTION and incidental to the lawful pursuit of her duties as a Correction Officer, employee and agent of THE NEW YORK CITY DEPARTMENT OF CORRECTION.

7.     Defendant "GIL" was and/or is a New York City Department of Correction Officer, and at all relevant times hereto, acted in that capacity as an agent, servant and/or employee of Defendants, CITY and DOC, and within the scope of their employment.

8.     At all times relevant herein, defendant "GIL" was an agent, servant, and employee acting within the scope of her employment by Defendants  THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTION, which are therefore responsible for her conduct.

9.     At all times relevant herein, defendant "EDWARD" was acting for and on behalf of THE NEW YORK CITY DEPARTMENT OF CORRECTION with the power and authority vested in him as a correction officer, agent and employee of THE NEW YORK CITY DEPARTMENT OF CORRECTION and incidental to the lawful pursuit of her duties as a Correction Officer, employee and agent of THE NEW YORK CITY DEPARTMENT OF CORRECTION.

10.     Defendant "EDWARD" was a New York City Department of Correction Officer, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendants, CITY and DOC, and within the scope of their employment.

11.     At all times relevant herein, defendant "EDWARD" was an agent, servant, and employee acting within the scope of her employment by Defendants  THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTION, which are therefore responsible for her conduct.

12.     At all times relevant herein, defendant "JOHNSON" was acting for and on behalf of THE NEW YORK CITY DEPARTMENT OF CORRECTION with the power and authority vested in him as a correction officer, agent and employee of THE NEW YORK CITY DEPARTMENT OF CORRECTION and incidental to the lawful pursuit of her duties as a Correction Officer, employee and agent of THE NEW YORK CITY DEPARTMENT OF CORRECTION.

13.     Defendant "JOHNSON" was and/or is a New York City Department of Correction Officer, and at all relevant times hereto, acted in that capacity as an agent, servant and/or employee of Defendants, CITY and DOC, and within the scope of their employment.

14.     At all times relevant herein, defendant "JOHNSON" was an agent, servant, and employee acting within the scope of her employment by Defendants  THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTION, which are therefore responsible for her conduct.

15.     At all times relevant herein, defendant "KELLY" was acting for and on behalf of THE NEW YORK CITY DEPARTMENT OF CORRECTION with the power and authority vested in him as a correction officer, agent and employee of THE NEW YORK CITY

4

DEPARTMENT OF CORRECTION and incidental to the lawful pursuit of her duties as a Correction Officer, employee and agent of THE NEW YORK CITY DEPARTMENT OF CORRECTION.

16.     Defendant "KELLY" was and/or is a New York City Department of Correction Officer/Captain, and at all relevant times hereto, acted in that capacity as an agent, servant and/or employee of Defendants, CITY and DOC, and within the scope of their employment.

17.     At all times relevant herein, defendant "KELLY" was an agent, servant, and employee acting within the scope of her employment by Defendants THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTION, which are therefore responsible for her conduct.

18.     At all relevant times hereto, Defendants, "GIL" "EDWARD" "JOHNSON" and "KELLY", were acting under the color of state and local law.

19.     Defendants, "GIL" "EDWARD" "JOHNSON" and "KELLY", are sued in their individual and official capacities.

## IV.     FACTS

20.     At all relevant times hereto, Defendants CITY was responsible for making and enforcing the policies of DOC and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

21.     That the Defendant CITY operated, maintained, and controlled a security force known as THE NEW YORK CITY DEPARTMENT OF CORRECTION.

22.     That the defendant DOC operated, maintained, and controlled a security force that is responsible for the care, custody and control of inmates detained within the New York City jail system.

23.     The subject incident took place on November 13, 2013, at approximately 8:45 a.m.

24.     That on or about November 13, 2013, plaintiff, Jean Auguste, inmate number 8951300302, was housed at the AMKC, specifically in Quad Lower 5.

25.     While detained/housed at the AMKC, specifically in Quad Lower 5, plaintiff was assaulted and battered by members of the New York City Department of Correction, specifically defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY".  Plaintiff sustained serious injuries.

26.     Prior to plaintiff's assault and battery plaintiff was in his cell.

27.     Thereafter, defendant "GIL" approached plaintiff and ordered plaintiff to walk out of his cell and to hold his mattress up, outside the cell. The plaintiff complied.

28.     As the plaintiff was exiting his cell, in compliance with defendant "GIL"'s order, without provocation and/or justification, defendant "GIL" physically assaulted and battered the plaintiff.  Said force was unnecessary and excessive.

29.     The plaintiff was punched in the face and throughout his body numerous times by defendant "GIL".

30.     Defendant "GIL" inefficiently performed his/her duty by using       impermissible force on plaintiff when he/she assaulted and battered plaintiff on November 13, 2013.

31.     During the assault and battery commenced by defendant "GIL" plaintiff fell/went to the ground.

32.     As plaintiff was lying on the ground, defendants, "EDWARD", "JOHNSON" and "KELLY" appeared and commenced to physically assault and battered the plaintiff.  Said force was unnecessary and excessive.

33.     In their efforts to cover-up the incident they inaccurately reported the incident by omitting from their written report salient facts and thereby rendering their report false and/or misleading.

34.     It must be noted that the plaintiff was charged with disciplinary violation for this incident.  After a hearing, the alleged disciplinary charges were dismissed.

35.     Nonetheless, he was also charged in Bronx County Criminal Court for this non-event to cover up their actions under docket number 2014BX001444.

36.     This case was dismissed on September 1, 2016.

37.     After the incident, plaintiff was taken to urgent care where he was treated for his serious injuries.  The plaintiff was then released and referred to Bellevue Hospital.

38.     The attack on Plaintiff was unprovoked.

39.     The assault and battery on the plaintiff by the defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY" caused plaintiff to sustain physical, psychological and emotional trauma.

40.     At all times relevant hereto, defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY", upon information and belief, participated in conjunction with defendants in causing the assault and battery of plaintiff.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

41.    Paragraphs "1" through "40" are hereby re-alleged and incorporated by reference herein.

42.    That defendant(s) had no legal cause or reason to use excessive force.

43.    That defendant(s) violated plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

44.    That at the time of the assault, plaintiff did not pose a threat to the safety of the defendant(s).

45.    That plaintiff did not provoke the assault nor was he an aggressor to warrant the assault.

46.    That plaintiff suffered serious permanent physical injuries from defendants' use of excessive force.

47.    That defendant(s), CITY and DOC, through its officers, agents, and employees, unlawfully subjected plaintiff to excessive force.

48.    That defendant(s') actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

49.    That by reason of defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of plaintiff's rights, subjected plaintiff to excessive force, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

8

50.     That upon information and belief, on November 13, 2013, defendant(s),  CITY and DOC, had a policy or routine practice of using excessive force.

51.     That upon information and belief, it was the policy and/or custom of defendant(s), CITY and DOC, to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

52.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant(s), CITY and DOC, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant(s), CITY and DOC, to the constitutional rights of the inmates/detainees and were the cause of the violations of Plaintiff's rights alleged herein.

54.     By reason of the foregoing, plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

55.     Paragraphs "1" through "54" are hereby re-alleged and incorporated by reference herein.

9

56.     That the incident that resulted from the intentional application of physical force by defendants constituted a seizure.

57.     That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

58.     That defendant(s), "GIL", "EDWARD", "JOHNSON" and "KELLY", had no legal cause or reason to use excessive force.

59.     That at the time of the assault, plaintiff did not pose a threat to the safety of defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY".

60.     That defendants', "GIL", "EDWARD", "JOHNSON" and "KELLY", actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

61.     That by reason of defendants acts and omissions, defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of plaintiff's rights, subjected plaintiff to excessive force while in his cell, in violation of the laws of the State of New York

62.     By reason of the foregoing, plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.


## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (CRUEL AND UNUSUAL PUNISHMENT)

63.     Paragraphs "1" through "62" are hereby re-alleged and incorporated by reference herein.

10

64.     That the attacks on plaintiff by defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY",  were both sadistic in nature and the cause of serious permanent physical injuries upon plaintiff.

65.     That defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY", had no good-faith belief that her use of force was used to maintain or restore discipline against Mr. Auguste, but maliciously intended to cause grievous bodily injury to him.

66.     That defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY", use of force to punish plaintiff was objectively harmful enough to cause a serious physical injury to Mr. Auguste.

67.     That defendant(s), "GIL", "EDWARD", "JOHNSON" and "KELLY", violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishments.

68.     That upon information and belief, on November 13, 2013, defendant, CITY and DOC, had a policy or routine practice of using cruel and unusual punishment against prisoners

69.     That upon information and belief, it was the policy and/or custom of defendants, CITY and DOC, to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

70.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendants, CITY and DOC, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

71.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendants, CITY and DOC, to the constitutional rights of arrestees and were the cause of the violations of plaintiff's rights alleged herein.

72.     By reason of the foregoing, plaintiff suffered serious physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (CRUEL AND UNUSUAL PUNISHMENT)

73.     Paragraphs "1" through "72" are hereby re-alleged and incorporated by reference herein.

74.     That the attacks on Mr. Auguste, by defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY", were both sadistic in nature and the cause of serious permanent physical injuries upon Plaintiff.

75.     That defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY", had no good-faith belief that her use of force was used to maintain or restore discipline against Mr. Auguste, but intentionally caused injury to plaintiff only to cause grievous bodily injury.

76.     That defendant(s), "GIL", "EDWARD", "JOHNSON" and "KELLY", use of force to punish plaintiff was objectively harmful enough to cause a serious physical injury to Mr. Auguste.

77.     That defendant(s), "GIL", "EDWARD", "JOHNSON" and "KELLY", violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishments.

78.     By reason of the foregoing, plaintiff suffered serious physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

79.     Paragraphs "1" through "" are hereby re-alleged and incorporated by reference herein.

80.     That defendant(s), "GIL", "EDWARD", "JOHNSON" and "KELLY", intended to cause harmful bodily contact to Plaintiff.

81.     That defendants, "GIL", "EDWARD", "JOHNSON" and "KELLY", in a hostile manner voluntarily caused plaintiff's injuries.

82.     That defendant(s), "GIL", "EDWARD", "JOHNSON" and "KELLY", contact with plaintiff constituted a battery in violation of the laws of the State of New York.

83.     That by reason of the foregoing, plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

84.     Paragraphs "1" through "83" are hereby re-alleged and incorporated by reference herein.

85.     That at all times hereinafter, defendants, "GIL", "EDWARD",  "JOHNSON" and "KELLY", were acting within the scope of her employment.

13

That defendant(s), CITY and DOC, were able to exercise control over Defendant Officers' activities.

86.     That defendant(s), CITY and DOC, are liable for defendants', "GIL", "EDWARD", "JOHNSON" and "KELLY", actions under the doctrine of respondeat superior.

87.     By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical pain and deformity, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from November 13, 2013; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knwloedge, information and belief that this complaint: (1) is not being prseeted for an improper purpose, such as tp harras, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfriviouslous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specially so identified, will likely have evidentiary support after reasonable opporrnutity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement of Rule 11.


Dated: New York, N.Y.
       October 31, 2016


                       LAW OFFICE OF MATTHEW B. WALLER



                       MATTHEW WALLER
                       Attorneys for Plaintiff
                       **JEAN AUGUSTE**
                       20 Vesey Street - Suite 503
                       New York, New York 10007
                       (212) 766-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN AUGUSTE,

Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF CORRECTION;
NYC DOC OFFICER GIL (First and/or Last Name, and
Shield Number Unknown), NYC DOC OFFICER
EDWARD, Shield # 12675 (First and/or Last Name
Unknown), NYC DOC OFFICER JOHNSON, Shield #
18595 (First and/or Last Name Unknown), and
NYC DOC CAPTAIN ADW KELLY, Shield# 1331
(First and/or Last Name, Unknown),

Defendants.

# COMPLAINT

## LAW OFFICE OF MATTHEW B. WALLER
Attorneys for Plaintiff
**JEAN AUGUSTE**
20 Vesey Street, Suite 503
New York, NY 10007
(212) 766-4411

Dated:_____     Signed:_____

Service of a copy of the within                                    is hereby admitted.

Dated:_____     _____
                                    Attorney(s) for